[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Andrea Bonaldi, alleges that she was sexually assaulted during the course of a chiropractic examination at the office of the defendants. On March 23, 1993, the plaintiff filed a five count revised complaint pursuant to a request to revise by the defendant Doctor Anthony Mortimer. The revised complaint alleges the facts set forth hereinafter.
On February 12, 1991, the plaintiff was a patient of the defendant, Zilahy Chiropractic Office, P.C., and she was given a comprehensive examination by the defendant, Doctor Anthony Mortimer. During that examination, Doctor Mortimer intentionally and unlawfully assaulted the plaintiff by causing her to undress except for a hospital "johnny" and further by "intentionally and unlawfully grabbing and fondling her breasts, all without her consent." It is also alleged that Doctor Mortimer also made "lewd and lascivious comments to the plaintiff and attempted to make a date with her." As a direct and proximate cause of the defendant's actions, the plaintiff has suffered severe infliction of emotional distress, suffering and humiliation.
Counts one and two of the plaintiff's revised complaint are directed against the defendant Doctor Anthony Mortimer as an individual. Count one alleges an assault and battery and count two alleges intentional infliction of emotional distress. Counts three, four, and five are directed against the defendant Zilahy Chiropractic Office, P.C.
On October 22, 1993, the defendant, Doctor Anthony Mortimer, filed a motion to strike count two of the plaintiff's complaint CT Page 640 on the ground that it does not set forth a legally sufficient claim for intentional infliction of emotional distress. Pursuant to Practice Book 155, the said defendant submitted a memorandum of law in support of his motion to strike.
A Motion to strike challenges the legal sufficiency of a pleading; Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432
(1989); or any count thereof. Practice Book 152. In ruling on a motion to strike, the court must admit the truth of all facts well pleaded; Mingachos v. CBS Inc., 196 Conn. 91, 108,491 A.2d 368 (1985); and the court must "construe the complaint in the manner most favorable to sustaining its legal sufficiency." Michaud v. Warwick, 209 Conn. 407, 408, 551 A.2d 738 (1988). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 215, 618 A.2d 25 (1992).
Four elements must abe [be] alleged in order to establish a cause of action for intentional infliction of emotional distress. They are:
 (1) that the actor intended to inflict emotional distress, or that he knew or should have known that emotional distress was a likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe.
Petvan v. Ellis, 200 Conn. 243, 253, 510 A.2d 1337 (1986).
In the present case, the defendant, Doctor Anthony Mortimer, argues that the plaintiff has failed to allege that his alleged conduct was extreme or outrageous. The defendant, Doctor Anthony Mortimer, also asserts that the plaintiff has failed to allege that he intended to cause the plaintiff's emotional distress or knew or should have known that his conduct was likely to result in emotional distress.
Count two of the plaintiff's revised complaint alleges that "the defendant, Anthony Mortimer, intentionally and unlawfully assaulted the plaintiff . . . made lewd and lascivious comments to the plaintiff . . . and as a result of those acts the plaintiff suffered severe infliction of extreme emotional CT Page 641 distress." However, no allegation exists in the plaintiff's complaint that the defendant, Doctor Anthony Mortimer, had the intent to inflict emotional distress, or that he knew or should have known that such distress was a likely result of his conduct. Therefore, the plaintiff has failed to allege a requisite element of the cause of action for intentional infliction of emotional distress. See Ellis v. New Jersey Manufacturers,6 Conn. L. Rptr. 170 (March 11, 1992, Lewis, J.) (court grants motion to strike plaintiff's claim for intentional infliction of emotional distress that fails to allege facts that the defendant should have realized that its conduct involved an unreasonable risk at causing emotional distress); Cecre v. LaBonne's Epicure, Conn. L. Rptr. 824 (Sept. 9, 1991, Hennessey, J.) (Court grants motion to strike plaintiff's claim for intentional infliction of emotional distress that fails to allege that the defendant had the intent to inflict emotional distress).
Therefore, the defendant, Doctor Anthony Mortimer's, motion to strike count two of the plaintiff's complaint is granted.
WILLIAM J. SULLIVAN, J. CT Page 642
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 643
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 644